UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-338-H

JAMES H. O'BRYAN, DONALD E. POPPE, and
MICHAEL J. TURNER, individually and on behalf of all
similarly situated persons                                                                                    PLAINTIFFS

v.

HOLY SEE                                                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have moved for leave to take the deposition of Pope Benedict XVI, in order to perpetuate his testimony regarding claims that Catholic priests abused minors in the United States. They argue that Pope Benedict has unique knowledge of matters important to this case and that his advanced age justifies the need to secure his testimony. Not surprisingly, the Holy See, through its counsel, has objected on a variety of grounds. While the parties have briefed the matter voluminously, the Court finds the issues raised to be rather straightforward. In short, Plaintiffs have not made a persuasive case that this Court can or should require Pope Benedict to give his deposition under the current circumstances.

On January 11, 2007, this Court ruled that the Foreign Sovereign Immunity Act ("FSIA") governed certain claims against the Holy See and that Plaintiffs have made claims premised upon acts or omissions of Holy See officials within the United States, which should not be dismissed without further discovery. Thus, the Court denied Defendant's motion to dismiss. Defendant took an immediate interlocutory appeal to the Sixth Circuit Court of Appeals on the

issue of the Holy See's immunity. That appeal remains pending.

The question of how and under what circumstances a private plaintiff may obtain discovery of a foreign government outside the territorial boundaries of the United States is one to be approached with great care. There are numerous reasons why Plaintiffs' request to require the deposition of Pope Benedict is best denied at this time and under these circumstances. As a factual matter, Plaintiffs have not given sufficient reasons for the Court to believe that Pope Benedict has some immediate health danger which requires that his testimony be perpetuated. Even were such a health danger to exist, while the question of the Holy See's immunity from suit and discovery are pending before the Sixth Circuit, this Court is constrained from acting on Plaintiffs' request. *Kennedy v. City of Cleveland*, 797 Fed.2d 297, 299 (6th Circ. 1986). The need for restraint is particularly important in our case where such delicate matters of church and state remain unresolved. As a practical matter and as a matter of comity, this Court would not presume to order Pope Benedict to appear for his deposition in the present circumstances without a much stronger showing under the facts and law.

The Court means no disrespect to Plaintiffs by entering such a brief order. However, the answer to Plaintiffs' request seems quite clear in these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to take the deposition to perpetuate the testimony of Pope Benedict XVI is DENIED.

cc:     Counsel of Record