UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.: 3:04 CV 338-H

JAMES H. O'BRYAN, DONALD E. POPPE, and
MICHAEL J. TURNER, Individually and on Behalf
of All Similarly Situated Persons                                                PLAINTIFFS


vs.


HOLY SEE, in its Capacity as a Foreign State
(State of the Vatican City), and in its Capacity
as an Unincorporated Association and Head
of an International Religious Organization                                      DEFENDANT

## DEFENDANT HOLY SEE'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Holy See requests that the

Court take judicial notice of certified copies of two documents filed in *Michael J. Turner vs. Roman*

*Catholic Bishop of Louisville*, Jefferson Circuit Court, Case No. 02-CI-02903: (1) the First Amended

Complaint, filed June 14, 2002, and (2) the Order entered in *In re Archdiocese of Louisville Cases*,

dismissing with prejudice the 242 cases contained in the caption, including *Michael J. Turner vs.*

*Roman Catholic Bishop of Louisville*, Jefferson Circuit Court, Case No. 02-CI-02903. Fed. R. Evid.

201(b).

The Holy See also requests that the Court take judicial notice of the fact that prior to June

4, 2003, the news media in the United States provided extensive coverage of allegations that Catholic

bishops in Kentucky, and elsewhere, failed to report and/or concealed instances of priests

committing acts of sexual abuse against minors.  The fact of extensive coverage of this issue is not

subject to reasonable dispute because it is (1) generally known within the territorial jurisdiction of

this Court, and (2) is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  FED. R. EVID. 201(b).

## I.    THE COURT MAY TAKE JUDICIAL NOTICE OF CERTIFIED COPIES OF DOCUMENTS FILED IN STATE COURT PROCEEDINGS

It is well-established that state court records are subject to judicial notice.  *See*, *e.g.*, *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record."); *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (federal courts may take judicial notice of proceedings in other courts of record).

Because Exhibits A and B attached to the Declaration of Byron H. Done are certified copies of public documents filed in Jefferson Circuit Court, they are self-authenticating.  FED. R. EVID. 902(4).

Exhibit A is the First Amended Complaint filed in *Michael J. Turner vs. Roman Catholic Bishop of Louisville*, Jefferson Circuit Court, Case No. 02-CI-02903.  The contents of the First Amended Complaint are not sought to be introduced for the truth of the matters stated therein, but only to show that Turner, a plaintiff in the above-captioned action, had previously filed a lawsuit against the Archbishop of Louisville in state court and that he had made certain allegations in his complaint addressing the legal issue of tolling the statute of limitation concerning his claim.

Exhibit B is the Order of dismissal entered by the Honorable James M. Shake, Jefferson Circuit Court Chief Judge, on August 25, 2003, in *Michael J. Turner vs. Roman Catholic Bishop of Louisville*, Jefferson Circuit Court, Case No. 02-CI-02903.  The Order caption demonstrates that the Order was entered in connection with *In re Archdiocese of Louisville Cases,* and that by said Order,

the *Michael J. Turner* state court action was dismissed, with prejudice, as one of 242 cases listed on the caption. *See* Exhibit B, Order at 20. Further, the caption of the Order shows that 193 cases were filed in 2002.

The Court should grant the Holy See's request for judicial notice regarding Exhibit A and Exhibit B.

## II.   THE COURT MAY TAKE JUDICIAL NOTICE OF NEWSPAPER ARTICLES OBTAINED FROM THE NEWSPAPERS' ARCHIVE WEBSITE

Exhibits C through CC, attached to the Declaration of Byron H. Done, are copies of news articles during the period January 2002 through May 2003 regarding allegations that Catholic bishops failed to report and/or concealed cases of sexual abuse by priests, including in Louisville, Kentucky. The news articles, which are being introduced only to show that the subject matter of the articles was in the public domain (rather than for the truth of any matter asserted therein), are properly the subject of judicial notice. *See, e.g.*, *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (holding that judicial notice may be taken of newspaper articles, which "serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice that "the market was aware of the information contained in news articles submitted by the defendants"); *Von Saher v. Norton Simon Museum of Art,* 592 F.3d 954, 960 (9th Cir. 2010) (same).

Printed materials purporting to be newspapers and other periodicals are self-authenticating. FED. R. EVID. 902(6). Moreover, news articles obtained from the Internet may also be properly authenticated as to their source so long as the substance of the articles are not offered for the truth

of the matters stated therein. *See Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1027 (N.D. Cal. 2009) (holding that attorney's declaration that documents had been printed from a public website were sufficient to authenticate the documents where the attorney's declarations were "not offered for the purposes of testifying to the substance of the various news articles and documents" but to "authenticate the source of those documents"). The source of each of the news articles has been authenticated in the Declaration of Byron H. Done at paragraphs 6 (Associated Press articles from archive website), 7 (Boston Herald articles from archive website), 10 (Los Angeles Times articles from archive website), 12 (USA Today articles from archive website), and 15 (New York Times articles from archive website).

The Court should grant the Holy See's request for judicial notice concerning Exhibits C through CC, showing that there was widespread media coverage of the issue of Catholic clergy sexual abuse nationwide and in Louisville during the period January 2002 through May 2003.

## III.   THE COURT MAY TAKE JUDICIAL NOTICE OF THE NEWSPAPER ARTICLES ON PLAINTIFFS' COUNSEL'S WEBSITE

Courts can properly take judicial notice of an opposing party's website. *See, e.g., Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'"); *Adobe Sys., Inc. v. Taveira*, No. C 08-2436 PJH, 2009 WL 506861, at *3 n.1 (N.D. Cal. Feb. 27, 2009) (taking judicial notice of a plaintiff's website); *Quan v. Gonzales*, 428 F.3d 883, 888 n.5 (9th Cir. 2005) (relying on website information to reverse immigration judge's decision).

Exhibits DD through HHHH attached to the Declaration of Byron H. Done are written materials purporting to be newspaper articles.   FED. R. EVID. 902(6).  The source of the articles, Plaintiffs' counsel's website, has been authenticated in the Declaration of Byron H. Done at paragraph 33.  *Rearden LLC*, 597 F. Supp. 2d at 1027.  The articles are not offered to prove the matters stated in therein.  Rather, the existence of the 58 articles are offered to show that the local news media in Louisville thoroughly covered the issue of Catholic clergy sexual abuse involving the Archdiocese of Louisville, Kentucky, during the period April 2002 through May 2003.

The Court should grant the Holy See's request for judicial notice concerning Exhibits DD through HHHH.

Respectfully submitted,

LAW OFFICE OF JEFFREY S. LENA
Jeffrey S. Lena

_____/s/ Jeffrey S. Lena_____
1152 Keith Avenue
Berkeley, California 94708
(510) 665-1713

LAW OFFICE OF ALEXIS HALLER
Alexis Haller

_____/s/ Alexis Haller_____
1079 Euclid Avenue
Berkeley, California 94708
(510) 898-1210

LAW OFFICE OF BYRON H. DONE
Byron H. Done

_____/s/ Byron H. Done_____
1990 N. California Blvd., 8th Floor
Walnut Creek, CA 94597
(925) 932-7009

5

FULTZ, MADDOX, HOVIOUS & DICKENS PLC
R. Gregg Hovious
John David Dyche

_____/s/ R. Gregg Hovious_____
2700 National City Tower
101 S. Fifth Street
Louisville, Kentucky 40202
(502) 588-2000

6

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served in compliance with the ECF guidelines of this Court on May 17, 2010, upon: William F. McMurry, McMurry & Associates, 1211 Herr Lane, Suite 205, Louisville , KY 40222; and Douglas H. Morris and Lea A. Player, Morris & Player, PLLC, 1211 Herr Lane, Suite 205, Louisville , KY 40222.


_____/s/ Alexis Haller_____
Alexis Haller