**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:04CV-338-H**

**ELECTRONICALLY FILED**

JAMES H. O'BRYAN, DONALD E. POPPE                                    PLAINTIFFS
and MICHAEL J. TURNER, Individually and
on Behalf of All Similarly Situated Victims of
Childhood Sexual Abuse Committed by Roman
Catholic Priests, Clerics or Agents of the Roman
Catholic Church

vs.

HOLY SEE, in its Capacity as a Foreign State
(State of the Vatican City), and in its Capacity as
an Unincorporated Association and Head of an
International Religious Organization                                  DEFENDANT

* * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL**
**PURSUANT TO FED.R.CIV.P. 41(2)**

The Defendant has filed neither a motion for summary judgment nor an answer to the

complaint.

Plaintiffs state that this action was filed June 4, 2004, with the intent of holding the Holy

See accountable for child sexual abuse committed by its clergy as a result of its many policies,

written and verbal, promulgated over the last two centuries, and particularly the 1962 *Crimens*

directive and its predecessors.   Said policies were distributed by the Holy See secretly

throughout the United States to bishops who were required to follow the policies.  The Holy

See's actions had the predictable impact of preventing United States bishops from exposing

pedophilic priests and reporting instances of childhood sexual abuse to law enforcement

1

authorities, resulting in the sexual abuse of thousands of United States children, including the Plaintiffs herein.

This action has been vigorously prosecuted and defended. Unfortunately for the Plaintiffs in this case, last October, the United States Supreme Court denied Plaintiffs' petition for writ of certiorari, which left standing the judicial interpretation that the FSIA would shield the Holy See from liability for its acts on U.S. soil. These acts, for which the Vatican now enjoys immunity, include prohibiting bishops from exposing pedophilic Catholic priests for the protection of children.

In its present posture, under the judicial interpretation of the FSIA as applied to the Holy See, the Plaintiffs in this case are permitted only to pursue claims against the Holy See for the acts of its "officials or employees" *in the United States* under the theory of *respondeat superior*. Plaintiffs are without the legal right to pursue the Holy See for its direct acts at the Vatican of promulgating and mandating the policy of secrecy that gave rise to the United States bishops' refusal to report known pedophiles.

As a result of the foregoing, the Plaintiff Michael Turner's lawsuit against the Holy See is now vitiated in as much as he gave a release to the Archbishop of Louisville to settle his claims against the Archdiocese of Louisville in 2003. Since his only remaining theory of recovery is based on the theory of *respondeat superior*, settling with the Archbishop of Louisville and giving him a release of liability has the legal effect of releasing the Holy See from liability for his abuse.

Similarly, Plaintiffs James O'Bryan and Donald Poppe face insurmountable hurdles in their efforts to hold the Holy See accountable for the abuse they suffered given the current legal posture of this case, even though they did not previously enter into a release of a bishop.

Plaintiff O'Bryan was abused in 1928 and Plaintiff Poppe was abused on and before 1961. In both cases the bishops in question are deceased and further discovery regarding the bishops' actions is believed to be impossible. Since the Plaintiffs' only theory of recovery against the Holy See is vicarious liability based upon the actions of the deceased bishops, these Plaintiffs likewise view the likelihood of ultimate success as *de minimus*.

Based upon the forgoing, each Plaintiff herein has decided that they do not wish to proceed with this action, and each has considered the opportunity to retain other counsel, which was declined.

In summary, there is no reason to proceed with lawsuit. The Plaintiffs, therefore, respectfully request that the Court enter the attached order of Voluntary Dismissal, without prejudice.

Respectfully Submitted,

s/ WILLIAM F. MCMURRY
William F. McMurry
1211 Herr Lane, Suite 205
Louisville, KY  40222
502.426.3832; 502.426.3633 (fax)
bill@courtroomlaw.com
*Counsel for Plaintiffs*

Douglas H. Morris
Lea A. Player
MORRIS & PLAYER PLLC
1211 Herr Lane, Suite 205
Louisville, KY  40222
502.426.3430; 502.426.3633 (fax)
dhm@morrisplayer.com
lap@morrisplayer.com
*Co-Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 9th day of August, 2010, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to participating counsel:

R. Gregg Hovious
John David Dyche
FULTZ MADDOX HOVIOUS & DICKENS PLC
2700 National City Tower
101 South Fifth Street
Louisville, KY  40202-3116
*Counsel for Defendant*

Jeffrey S. Lena
LAW OFFICES OF JEFFREY S. LENA
1152 Keith Avenue
Berkeley, CA  94708-1607
*Counsel for Defendant*

Alexis Haller
LAW OFFICE OF ALEXIS HALLER
1079 Euclid Avenue
Berkeley, CA 94708
*Counsel for Defendant*

Byron H. Done
1990 North California Blvd., 8th Floor
Walnut Creek, CA 94596
*Counsel for Defendant*

Mary G. McNamara
SWANSON MCNAMARA & HALLER LLP
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
*Counsel for Defendant*

s/ WILLIAM F. MCMURRY
William F. McMurry
*Counsel for Plaintiffs*

R:\CLIENTS\OBryanJames\WesternDistKY\Motion Voluntary Dismiss\wfmFinalVaticanDismissal MEMO IN SUPPORT.doc