UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.: 3:04 CV 338-H

JAMES H. O'BRYAN, DONALD E. POPPE, and
MICHAEL J. TURNER, Individually and on Behalf
of All Similarly Situated Persons                                                                    PLAINTIFFS

vs.

HOLY SEE, in its Capacity as a Foreign State
(State of the Vatican City), and in its Capacity
as an Unincorporated Association and Head
of an International Religious Organization                                                    DEFENDANT

## DEFENDANT HOLY SEE'S RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41

The Holy See hereby responds to Plaintiffs' motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 (DN 162) as follows:

1.     The Holy See has no objection to the relief sought by Plaintiffs' motion.

2.     As a procedural matter, the Holy See notes that Plaintiffs bring the motion "pursuant to Fed.R.Civ.P. 41(2)." DN 162 at 1; DN 162-1 at 1. There is no Rule 41(2). Since this action is not a certified class action, and since neither an answer nor a summary judgment motion has been filed, Plaintiffs could simply have filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). FED. R. CIV. P. 41(a)(1)(A)(i); *see also* FED. R. CIV. P. 23(e) ("The claims . . . of a *certified* class may be . . . voluntarily dismissed . . . only with the court's approval.") (emphasis added); FED. R. CIV. P. 23 ADVISORY COMMITTEE NOTES (2003 Amendments) (stating that the 2003 amendment to Rule 23 "resolves ambiguity in former Rule 23(e)'s reference to

dismissal . . . of 'a class action'" and that the "new rule requires approval only if the claims . . . of a certified class are resolved by . . . voluntary dismissal . . . ."); 7B Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1797 ("voluntary dismissals that occur before class certification are outside the scope of [Rule 23(e)]."); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2908918, at *1 (S.D. Ill. Oct. 4, 2007) ("Because no class has been certified in this case, the question of voluntary dismissal in this instance is governed not by Rule 23 but by Rule 41."); *cf. Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. 2005) (applying Rule 23(e) "in its formulation prior to amendment in December of 2003"). The Holy See has no objection to the Court's treatment of Plaintiffs' filing either as a notice of dismissal under Rule 41(a)(1)(A)(i) or as a motion for voluntary dismissal under Rule 41(a)(2).

3.      In their motion for voluntary dismissal, Plaintiffs gratuitously repeat their theory that *Crimen sollicitationis* mandated a "policy of secrecy that gave rise to the United States bishops' refusal to report known pedophiles." DN 162-1 at 1-2. In fact, both Plaintiffs' expert and the Holy See's expert agreed that *Crimen* did no such thing. Holy See Memo. in Supp. of Rule 12(b)(1) Mtn. to Dismiss, DN 155-1, at 17. The lack of any evidentiary support for Plaintiffs' theory was, of course, one of the reasons why this lawsuit was subject to dismissal. *Id.* at 13-20. Moreover, it is incorrect to blame dismissal on the prior rulings of this Court, the Sixth Circuit and the Supreme Court. DN 162-1 at 2. This case suffered from fatal flaws that were conceded by Plaintiffs' counsel in 2003, long before the Complaint was even filed. *See*, *e.g.*, Holy See Resp. to Pltfs' Discovery Requests, DN 158, at 11-12; *see also* Holy See Memo. in Supp. of Rule 12(b)(6) Mtn. to Dismiss, DN 154-1, at 13-40.

Based upon the foregoing, the Holy See has no objection to the Court either treating Plaintiffs' motion as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) or granting the motion

pursuant to Rule 41(a)(2).

                                Respectfully submitted,

LAW OFFICE OF JEFFREY S. LENA
Jeffrey S. Lena

      /s/ Jeffrey S. Lena
1152 Keith Avenue
Berkeley, California 94708
(510) 665-1713

LAW OFFICE OF ALEXIS HALLER
Alexis Haller

      /s/ Alexis Haller
14241 NE Woodinville Duvall Rd., #113
Woodinville, WA 98072

T                     (425) 487-0730

LAW OFFICE OF BYRON H. DONE
Byron H. Done

      /s/ Byron H. Done
1990 N. California Blvd., 8th Floor
Walnut Creek, CA 94597
(925) 932-7009

FULTZ, MADDOX, HOVIOUS & DICKENS PLC
R. Gregg Hovious
John David Dyche

      /s/ R. Gregg Hovious
2700 National City Tower
101 S. Fifth Street
Louisville, Kentucky 40202
(502) 588-2000

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was served in compliance with the ECF guidelines of this Court on September 1, 2010, upon: William F. McMurry, McMurry & Associates, 1211 Herr Lane, Suite 205, Louisville , KY 40222; and Douglas H. Morris and Lea A. Player, Morris & Player, PLLC, 1211 Herr Lane, Suite 205, Louisville , KY 40222.

                                                       /s/ Alexis Haller
                                                       Alexis Haller